IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,100-01






EX PARTE WILLIAM HARRISON WEST, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 03-199 FROM THE 235TH JUDICIAL DISTRICT COURT OF
COOKE COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of intoxication manslaughter, and punishment was assessed at twenty years'
confinement. No direct appeal was taken. 

 Applicant contends inter alia that his counsel was ineffective for failing to investigate
or present exculpatory evidence, and for failing to file a notice of appeal despite Applicant's
request that he do so. Applicant also alleges that counsel's ineffectiveness deprived him of
his right to appeal and rendered Applicant's plea involuntary.

 The trial court has not entered findings of fact or conclusions of law. Nor does the
record before this Court contain copies of the indictment, plea papers, or judgment in this
cause. We believe that Applicant has alleged facts that, if true, might entitle him to relief. 
Therefore, it is this Court's opinion that additional facts need to be developed and because
this Court cannot hear evidence, the trial court is the appropriate forum. The trial court may
resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may
order affidavits, depositions, or interrogatories from counsel, or it may order a hearing. In
the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether there was a police report indicating that Applicant was not at fault in the
accident, and if so, why counsel advised Applicant to plead guilty rather than going to trial. 
The trial court shall also make findings as to whether Applicant was properly admonished
prior to the entry of his plea, and as to whether Applicant affirmatively waived his right to
appeal. If Applicant did not affirmatively waive his right to appeal, and if Applicant's plea
was pursuant to a plea agreement, the trial court shall make findings as to whether there were
written motions ruled on prior to trial, or other facts giving rise to a limited right to appeal
despite Applicant's guilty plea. If the trial court determines that there were such issues or
motions, the court shall make findings as to whether Applicant expressed a desire to appeal
his conviction or sentence prior to the expiration of the time for filing a notice of appeal. The
trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing copies of the indictment, plea papers, and judgment, in
addition to copies of all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition, along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within one hundred
and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 26th DAY OF APRIL, 2006.

EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.